## NEW YORK — GENERAL TERM.

### MAY, 1849.

### LUYSTER v. SNIFFEN.

Although, on overruling a demurrer, the court omits to allow an amendment, yet a subsequent motion to amend may be made where the question involves the merits and might have been raised on general demurrer, and the statute forbidding an amendment relates only to objections for imperfections in matters of form.

THE plaintiff declared upon a building contract, claiming to recover stipulated damages. The defendant demurred

specially for cause, among other things, that the plaintiff, for whom the work was to be done and who was to pay when the work was done, had not averred a willingness to perform on his part. The demurrer was overruled, and judgment rendered for plaintiff at the last term, without leave to withdraw the demurrer and plead.

*T. E. Tomlinson*, for defendant, now moved, on notice, for such leave.

*Bowdoin, contra*, objected, that the court, having overruled the demurrer, on the ground that it was false or frivolous, has no power to grant the motion under the statute. (2 R. S. 352, § 6.)

*Per Curiam, Edmonds, J.:* But that statute has received a different construction from the court. In *Bolton* v. *Lawrence* (7 Wend. 461), it was held not to affect the power of the court to allow an amendment where the question raised might have been presented on general demurrer, that is, where it was matter of substance and not mere form. That is this case; and, as the affidavits show that the demurrer was put in in good faith, and the defendant has a defense on the merits, it will be proper to allow the amendment on the usual terms.